UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA BARNITZ o/b/o A.L.F., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-01523-NCC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner of Operations, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner to terminate the Supplemental Security Income (SSI) childhood disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383, *et seq.* of A.L.F., Plaintiff Liza Barnitz's granddaughter ("Plaintiff"). Plaintiff has filed a brief in support of the Complaint (Doc. 19), Defendant has filed a brief in support of the Answer (Doc. 24), and Plaintiff has filed a reply brief (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 14).

## I. PROCEDURAL HISTORY

In an initial determination dated April 28, 2006, A.L.F., a child born in 2005, was found disabled since January 30, 2006 on the basis that her impairment of deafness met a listing (Tr. 69-86). After conducting a continuing disability review, on May 4, 2015, A.L.F. was notified that she was found to be no longer disabled as of May 1, 2015 (Tr. 87-90). A.L.F. filed a request for reconsideration which was denied on September 2, 2015 and A.L.F. filed a request for hearing (Tr. 93, 119-21, 122). After a hearing, by decision dated May 3, 2016, the ALJ

determined that A.L.F.'s disability ended as of May 1, 2015 (Tr. 26-38).  On April 20, 2017, the Appeals Council denied A.L.F.'s request for review (Tr. 3-8).  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that the comparison point decision ("CPD"), the most recent favorable medical decision finding that A.L.F. was disabled, is the determination dated April 28, 2006 (Tr. 29).  At the time of the CPD, A.L.F. had the medically determinable impairment of deafness (*Id.*).  This impairment was found to meet section 102.08A of 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*).[1]  The ALJ found that medical improvement occurred as of May 1, 2015 (*Id.*).  The ALJ further found that since May 1, 2015, the impairments of A.L.F., a school age-child,[2] have not met or equaled the severity of any listing nor have they functionally equaled a listing (Tr. 30, 38).  As such, the ALJ determined that the A.L.F.'s disability ended as of May 1, 2015 and A.L.F. has not become disabled against since that date (Tr. 38).

## III. LEGAL STANDARD

The Social Security Administration has prescribed a three-step sequential evaluation for making a periodic review of a child's eligibility for disability benefits.  20 C.F.R. § 416.994a(b).  First, the ALJ must determine if there has been any "medical improvement" in the child's

---

[1] In relevant part, the Listing reads:

A. For children below 5 years of age at time of adjudication, inability to hear air conduction thresholds at an average of 40 decibels (db) hearing level or greater in the better ear . . . .

20 C.F.R. § 404, Subpart P, App. 1, 102.08A (hereinafter "Listing 102.08A")

Effective August 2, 2010, the Social Security Administration removed Listing 102.08 and added Listing 102.10 (Hearing loss not treated with cochlear implantation) and Listing 102.11 (Hearing loss treated with cochlear implantation).  *See Bush v. Colvin*, No. CIV.A. WGC-11-588, 2014 WL 1023376, at *2 (D. Md. Mar. 14, 2014) (noting the change).

[2] A school-age child is between 6 and 12 years of age.  *See* 20 C.F.R. § 416.926a.

2

condition. 20 C.F.R. § 416.994a(b)(1). Medical improvement is defined as "any decrease in the medical severity of [the child's] impairment(s) which was present at the time of the most recent favorable decision that [the child] w[as] disabled or continued to be disabled . . . based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [the child's] impairment(s)." 20 C.F.R. § 416.994a(c). Generally, if there has been no medical improvement, the child continues to be disabled. 20 C.F.R. § 416.994a(b)(1).

Second, if there has been medical improvement, the ALJ must determine whether the impairment(s) that was considered at the time of the most recent favorable determination or decision still meets or equals the severity of the listed impairment it met or equaled at that time. 20 C.F.R. § 416.994a(b)(2). If the impairment does, the child's disability will be found to continue unless exceptions not applicable in this case apply. *Id.* If the impairment does not, the sequential evaluation will proceed to the next step. *Id.*

Third, the ALJ must determined whether the child is currently disabled under the rules for determining eligibility in initial disability claims for children. 20 C.F.R. § 416.994a(b)(3). In determining whether an SSI claimant under the age of 18 is under a disability, a three-step sequential evaluation process is used which is comparable to the five-step sequential evaluation process utilized for adults. 20 C.F.R. § 416.924(a). If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).

First, the child cannot be engaged in "substantial gainful activity" to qualify for benefits. 20 C.F.R. § 416.924(b). Second, the child must have a "severe impairment." 20 C.F.R. §

416.924(c). Third, the ALJ must determine whether the child has an impairment that meets, medically equals, or functionally equals in severity a listed impairment. 20 C.F.R. § 416.924(d). When determining functional limitations, 20 C.F.R. § 416.926a(a) provides that where a severe impairment or combination of impairments does not meet or medically equal any listing, the limitations will "functionally equal the listings" when the impairment(s) "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." A limitation is "marked" when it "interferes seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A limitation is "extreme" when it "interferes very seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). The ALJ considers how a claimant functions in activities in the following six domains: "(i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating to Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well-Being." 20 C.F.R. § 416.926a(b)(1). Also, in assessing whether a claimant has "marked" or "extreme" limitations, an ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. 20 C.F.R. § 416.926a(a). Further, the ALJ must consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. 20 C.F.R. § 416.926a(c).

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. *Ramirez v. Barnard*, 292 F.3d 576, 583 (8th Cir. 2002). "Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015)

(internal quotations omitted). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises two issues. First, Plaintiff asserts that the ALJ erred in failing to address the findings of Janet Vance, AuD, a pediatric cochlear implant audiologist (Doc. 19 at 12-17). Second, Plaintiff argues that the ALJ erred in failing to consider Listing 102.11 (Hearing loss treated with cochlear implantation) (*Id.* at 18-21). *See* 20 C.F.R. § 404, Subpart P, App. 1, Part B2, 102.11 (hereinafter "Listing 102.11"). Although Defendant asserts that the ALJ's decision is supported by substantial evidence in the record as a whole, Defendant does not respond to the specific assertions raised by Plaintiff in her brief in support of the complaint (*See* Doc. 24). For the following reasons, because the ALJ failed to address either Ms. Vance's medical opinions or Listing 102.11, the Court will reverse and remand this action.

### A. The Opinion of Janet Vance, AuD

First, Plaintiff asserts that the ALJ erred in failing to address the findings of Janet Vance, AuD ("Ms. Vance"), a pediatric cochlear implant audiologist (Doc. 19 at 12-17). As a preliminary matter, Ms. Vance is an "other medical source." 20 C.F.R. § 416.913(d)2. Accordingly, although information from Ms. Vance cannot establish the existence of a medically

5

determinable impairment, "information from such other sources, may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Social Security Ruling (SSR) 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006) (hereinafter "SSR 06-03P"); 20 C.F.R. § 416.913(d). As such, opinions from other medical sources, like audiologists, "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939. Under Eighth Circuit law, it may even sometimes be appropriate for the opinion of an "other medical source" to outweigh the opinion of a treating source, if the other source "has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." *Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In general, when weighing the opinion of an "other medical source," an ALJ should consider the length of time and frequency of the claimant's visits with the source; the consistency of the source's opinion with other evidence; the evidence and explanations supporting the source's opinion; the source's specialty; and "[a]ny other factors that tend to support or refute the opinion." *Id.*

Here, A.L.F. initiated treatment with Ms. Vance in 2013 for regular visits to adjust A.L.F.'s cochlear implants (Tr. 212). In two similar letters, one dated June 2, 2015 (Tr. 376-77) and the other dated January 5, 2016 (Tr. 396-97), Ms. Vance indicated that A.L.F. has bilateral sensorineural hearing loss that is in "the profound hearing impaired range at both ears" (Tr. 376, 396). Ms. Vance continued by explaining that A.L.F. received a cochlear implant at her right ear in September 2007 and an implant in her left ear in July 2007 with a revision in May 2011 (Tr. 376, 396). She noted that while A.L.F. is dependent on the implants for development of speech and language as well as communication with others, what A.L.F. hears "is NOT perceived as

6

normal hearing" (Tr. 376, 396 (emphasis in originals)). Ms. Vance clarified, "[w]hile she is able to detect sounds within a normal/mild hearing loss range, she does not understand speech/language as a normal hearing person does. The sound quality and clarity provided by the prosthetic device is an electronic signal that is not equivalent to normal hearing or normal speech understanding." (Tr. 376, 396). Ms. Vance then provides the results for a hearing test indicating that A.L.F. can only understand 44% of the speech in a multi-talking environment (Tr. 376, 397).

The Court finds the ALJ improperly disregarded the opinions of Ms. Vance. Although the ALJ appears to have relied on Ms. Vance's June 2015 letter regarding A.L.F.'s diagnosis, the ALJ did not address the opinions or testing therein (*See* Tr. 31). Further, the ALJ did not consider Ms. Vance's second, January 2016 letter at all (*See* Tr. 26-38). Indeed, the ALJ only addresses opinion evidence provided by two state agency medical consultants (Tr. 31). Failure to address an opinion provided by an "other medical source" when, as the case is here, the opinions may have had an effect on the outcome of the case and these opinions were the only ones provided by an examining health practitioner, is an error sufficient to warrant remand. *See Neeson v. Colvin*, No. 2:12-CV-51 SNLJ SPM, 2013 WL 5442911, at *11 (E.D. Mo. Sept. 30, 2013) (listing cases). Therefore, the Court will remand this action for the ALJ to properly, and thoroughly, analyze Ms. Vance's opinions.

**B. Listing 102.11**

Next, Plaintiff argues that the ALJ improperly failed to address Listing 102.11 (Doc. 19 at 18-21). The Social Security Administration's Listing of Impairments describes physical and mental impairments that the Commissioner considers severe enough to be disabling. 20 C.F.R. § 416.925. Listing 102.11 provides that a child is considered disabled as a result of her hearing loss treated with cochlear implantation if, relevant to the current case, "[u]pon the attainment of

7

age 5 or 1 year after initial implantation, whichever is later, a word recognition score of 60 percent or less determined using the HINT or HINT-C (see [sic] 102.00B3b)." Section 102.00B3b reads:

> [W]e need word recognition testing performed with any age-appropriate version of the Hearing in Noise Test (HINT) or the Hearing in Noise Test for Children (HINT–C) to determine whether your impairment meets 102.11B. This testing must be conducted in quiet in a sound field. Your implant must be functioning properly and adjusted to your normal settings. The sentences should be presented at 60 dB HL (Hearing Level) and without any visual cues.

20 C.F.R. § 404, Subpart P, App. 1, Part B1, 102.00B3b.

The Court finds that ALJ did not properly consider Listing 102.11. In the ALJ's decision, the ALJ twice indicates, "Since May 1, 2015, [A.L.F.'s] impairments have not met or medically equaled the severity of any listing" (Tr. 30, 38). "The ALJ's failure to identify and analyze the appropriate listing, although error, may not by itself require reversal so long as the record otherwise supports the ALJ's overall conclusion." *Brown v. Colvin*, 825 F.3d 936, 940 (8th Cir. 2016). However, it is not clear whether the ALJ considered the appropriate listing; the ALJ's decision is void of any mention of Listing 102.11. *See Chunn v. Barnhart,* 397 F.3d 667, 672 (8th Cir. 2005) (finding remand appropriate when it was unclear from the ALJ's decision whether he "even considered" whether the claimant met the requirements of the relevant listing). Therefore, the Court will additionally remand this action for the ALJ to properly consider Listing 102.11.

### V. CONCLUSION

For the reasons set forth above, the Court finds that the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. On remand, the ALJ is directed to consider Listing 102.11; review and weigh the opinion evidence from Ms.

Vance; further develop the medical record if necessary; and then proceed through the sequential evaluation process before issuing a new decision.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 15th day of August, 2018.

<u>     /s/ Noelle C. Collins          </u>
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE